Good morning, Your Honors. Lauren Williams, Federal Defenders, on behalf of the appellant, Mr. Walter Reyes. I'd like to reserve two minutes for rebuttal, but of course I will watch my clock. Thank you. The court should reverse Mr. Reyes's conviction for two reasons. First, the government failed to prove that Mr. Reyes was convicted of a Section 1325 misdemeanor in the past. The only evidence that the government introduced regarding that element was a heavily redacted docket sheet with conspicuous white boxes that at best raised the inference that Mr. Reyes had been previously charged with a Section 1325 misdemeanor, but there was no evidence that the conviction that he suffered was for a Section 1325 misdemeanor. Second, the prosecutor then compensated for weak evidence by insisting to the jury on multiple occasions that the evidence was compelling and overwhelming, this was a simple case, the jury was more than capable of deliberating, and also inserting extra record knowledge into the trial. Regarding my first point as to insufficiency of the evidence, the prosecutor in this case was required to prove a conviction, not just that Mr. Reyes committed conduct in line with a 1325 misdemeanor or had been charged previously with a 1325 misdemeanor. Instead... Ms. Williams, can I ask you a question on that? As I understand it, both the government and the defendant told the court that the judgment could not be admitted, the judgment from the Arizona case, because it was hearsay. The district court judge said, well, that doesn't really make much sense to me, but go ahead, I'll proceed as you wish. In light of the United States v. Nguyen case, which is a 2006 case, isn't it so that a judgment of conviction could have been admitted at trial? Your Honor, we would not take a position on that, but the government has walked back its position on that case. We did argue under Nguyen that the judgment itself should not come in. The government conceded that issue and chose to go a different route. So what matters in this case is what evidence was before the jury, not what evidence could have been before the jury. And in this case... Your Honor, was there another question? Oh, I thought I heard something. I apologize. And in this case, the government introduced just a two-page document, and the Right, and that document, excuse me, under the complaint has only one citation, which is section 1325. And then the docket sheet lists a document for plea agreement, and then you have the end of date, March 26th, and the plea agreement. There is no indication of anything other than a 1325, section 1325, illegal offense here. Why should we conclude that a rational trier of fact could not have concluded that there was a conviction for 1325? Your Honor, the Court can consider circumstantial evidence under this standard. However, the standard is not whether there's any evidence at all that could support the conviction. The standard is that the inferences need to be reasonable. A conviction can't be supported by just a modicum of evidence. But isn't it reasonable to infer that when it only lists the charge as 1325, and then it says there's a plea agreement, and then there's a judgment, that in the absence of anything else that the conviction is for 1325? No, Your Honor, and the reason is that the average jury does not have experience reading docket sheets or understanding any sort of legal terminology. So we have to realize that the assumptions that have to be made are numerous. First, the That inference isn't even permissible at all? I mean, is your argument that that's not something that can be inferred in the first place? Or is it that there's not enough to exclude competing inferences? Which of those two is it? My argument is that it's too big of an inferential leap for a lay person, an average juror to make based just on this evidence. The jurors would have to assume what complaint even means, that complaint means someone's charged with a criminal offense. The jurors had to assume that a plea agreement means that a person pleaded guilty, that that person pleaded guilty to a specific charge that's not explicit on the docket itself. They'd have to assume the significance of the docket sheet on its own, assume that negotiations didn't result in an alternate disposition, as so often happens. First of all, was none of this explained to the jury? No, Your Honor. The government did not call a single witness, not even to introduce the docket sheet. The prosecutor stood up at the beginning of trial and asked the court to admit this document into evidence. The court admitted it, and then during closing argument, as I'll argue later, the prosecutor vouched and inserted extra record knowledge into the proceedings by stating, quote, there is the charge, that's the charge we have to prove as a conviction during his closing. And then during rebuttal, after defense counsel pointed out that there was nothing that explicitly said what Mr. Reyes was convicted of, then the prosecutor stated in reference to the docket that, quote, shows a judgment, which means he was convicted. No one had defined what a judgment or even a complaint was for the jury during the government's case in chief. Not a single witness testified regarding what actually happened at the proceedings or the significance of a docket sheet or the significance of any of the terms. This is an interesting argument, but a different one than the argument in the brief. You were talking about overwhelming evidence and so on, and you didn't really point out that there were sort of factual information being added. Your Honor, I believe it was addressed, but I agree. I am extrapolating on that. Was there an objection by defense counsel to the docket sheet? To the docket sheet being introduced? No, Your Honor, that is correct. So what is our standard of review here? The standard of review regarding insufficiency of the evidence is de novo. We did move under Rule 29 for a judgment of acquittal, and that was denied, and so the standard is de novo on review. I'll give you a little extra time on the other issue, but it is certainly the case that there is often a plea to a different charge or offense than it was originally charged. But here, there doesn't seem to be another option as to why he could have been convicted. There is nothing else, is there? Well, Your Honor, I think one of the issues is that there are redactions, and those redactions are very obvious to the jury. There's large white boxes. There's also nothing under the disposition sections, for example, or terminated counts or anything else. So I don't think that that is dispositive. There are a lot of questions to be raised, and the issue is that, except— I want to—the thing is, there's no lesser-included offense to 1325. 1325 was a lesser-included offense to 1326, but there's no lesser-included offense. Actually, Your Honor, below in the trial, we asked for a lesser-included charge for the misdemeanor, and the felony was the charge that the government was bringing. 1325. Exactly. First trial. I'm sorry, Your Honor. You're talking about the first trial? Yes, this trial. The trial below. But what could the conviction have been if it wasn't for what was charged? Oh, I apologize, Your Honor. So alternate dispositions could be false statement to a federal officer, or there's—I think it's a 1459 entry at a place other than a port of entry. There's various different charges. Can anybody put on any evidence of that, that there could have been other charges? I think the issue is that there's not sufficient evidence to show that it was this particular charge. It's too big of an inferential leap, especially for the average juror. I see my time is up, Your Honor. I'll let you take one minute, Your Honor. Thank you, Your Honor. Rebuttal or right now? I apologize. Now. Okay, thank you. Turning to my next issue, the government then compensated for the lack of evidence by insisting that the evidence was overwhelming and compelling. The prosecutor stated twice that it was overwhelming, once that the evidence was compelling, and the prosecutor again inserted facts not in record, as I mentioned earlier. Also, based on the nature of the evidence before the jury, especially the docket sheet with those large white boxes, as well as the plea agreement that was conspicuously redacted too, the prosecutor also insinuated knowledge that was not in the record by pointing to this evidence and then stating that the evidence was overwhelming when clearly it was not. And there was no explicit statement in the record to show that he was convicted of a misdemeanor. There were also issues raised with respect to alienage, the element of alienage. The case law does not draw a fine distinction as the government hopes the court will find based on a prosecutor's specific syntax. Instead, in Lugo and in Soto, the court has found the prosecutor's statements that were essentially the same as in this case to be improper. In Soto, the prosecutor stated the evidence in this case is overwhelming, and I submit to you the evidence is overwhelming. Those are two of the quotes. The court found... Was that all there was? I believe so. I believe that was the only thing the court had found that the prosecutor had, where they had been properly vouched. Can I ask you a quick question on the sentencing, supervised release? This is a question. The downward deviation from the guidelines in terms of the imprisonment to 12 months. Where supervised release has in practice no effect on Mr. Reyes, why was the sentence so unfair as to undermine fairness, integrity, and the public reputation of judicial proceedings? The judge was required to state in particularized terms why there needed to be added deterrence, because under the guidelines, someone who's going to be deported should not have supervised release imposed. Well, but didn't he make very clear on the record? He may not have said, dotted the i's and crossed the t's by saying, I'm going to depart from the normal rule that there shouldn't be supervised release for these reasons, but he made clear that it was for deterrence. He warned him, you come back, you're getting an extra year, so don't come back. I mean, he was quite clear as to why he was imposing the supervised release. Why isn't that enough certainly to satisfy, show that there was no plain error? Your Honor, I think if you comb through his statements, the statements regarding deterrence actually relate specifically to the judge's decision on the sentence length. The comment I just referenced, he made very clearly with respect to supervised release, that if you come back, you will get that additional period of time. That does not relate to the underlying sentence. Your Honor, I'd have to double check the record. I apologize, but I don't believe that the court made specific, particularized justifications for why there needed to be an added deterrence on top of the deterrence that would be in place with just a criminal prosecution. That's always a risk if somebody returns to the country illegally. Okay, thank you very much, and we will be moving on. Thank you, Your Honor. Thank you, Your Honor, and can the court hear me right now? You can, okay. May it please the court, Zach Howe on behalf of the United States. Viewing the evidence in the light most favorable to the government, a rational juror could find that Reyes was in fact convicted of a prior illegal entry. I think it's important perhaps to start with what's undisputed about the evidence here. There's no dispute that the fingerprint and signature evidence suffice to tie Reyes to that certified docket sheet. There's also no dispute, or at least there wasn't in the opening brief, that that evidence on the docket sheet sufficed to show that Reyes was charged with a 1325, that a plea was entered, and that the court entered judgment. Why didn't you have a witness to sort of explain how dockets work and what this meant and plea disposition? I mean, because this is as razor thin as you could possibly get, it would seem, on something like this. So I can't speak to why a witness wasn't put in, but what I can say, I think there are two points on your question. Number one is that this argument that a lay juror would have been so befuddled by a docket sheet that they just wouldn't have known what to make of it, that appears nowhere in the opening brief. I think the argument's waived, but I think more importantly, it's simply not the case that a juror couldn't understand what a docket sheet meant. And in fact, if you look at the prosecutor's description of that docket sheet in closing, at page 165 of the record, he's essentially just reading off entries on the docket sheet. So he says, here's the docket sheet. It's from a request of support for the court. He's just reading off the docket sheet. Certainly a lay juror could do the same thing. And I think at the very least, when looking at evidence through the lens most favorable to government and asking only whether a rational juror could conclude that when you have a certified docket sheet that shows a charge, shows something called a plea agreement, and shows that it's quite usual, unusual for someone to, for a defendant to plead with something other than what he was supposed to plead with. So why is that a beyond illusion without possible inference? That's everything in federal court, that what's in the complaint and what he fled to and was convicted of is not the same thing. Well, Your Honor, let me maybe answer that through two different lenses. I think one lens is sort of what your question suggests, is that the average juror might have some knowledge about the... Let's get the average juror out of here, me. I know that often there is not a match between what is charged and what is fled to and convicted of. Well, if we're looking at it through a legally literate lens, then I think we would have to conclude that this was the lowest possible charge he would get. And that's actually what happens. That's why I asked for examples and she came up with some pretty good ones. Well, I think a 1001 charge, that's a felony offense. That's actually a higher offense than the 1325 that he fled to. He had a 1326 that was dismissed. That's obviously a higher charge. There really is no other charge that's a greater offense that he could have gotten here. So I think if the jury... They plead agreements to something completely different, like, I don't know, speeding or something, speeding across the border. I don't know what the options are. But it's still... The problem is that this is not an unusual situation to have somebody plead something different. Well, I think that's the point, Your Honor, is number one is I'm having a hard time conceiving of a more favorable charge he could have gotten. But number two, even if we could come up with something, then to import that into the sufficiency of the evidence analysis, we would have to essentially say that not just one, but every rational juror would look at the evidence and say, I know the only evidence I have here points to a 1325 conviction, but I'm going to pass that aside. And I'm just going to speculate that there is some other charge lurking out there that in fact formed the basis of this plea. What are we to make of the fact that the docket says that there are no terminated counts? I think it's just listed as a blank. Is that what you're referring to? No, it says terminated counts none. Does that suggest that there's no convictions? Oh, I mean, I would have thought that's where a disposition would be listed. Well, Your Honor, I think the disposition and this was, I believe, redacted, but I think there's a separate column and this is it. We're probably looking at the same page 189. There's a separate column for dispositions. So I would think that that's blank. That's right. And that was redacted. So what's the significance of terminated counts? I believe it would be for dismissed counts. I don't want to speculate about it. I can't say for certain, but I think the relevant point here is just that when you actually have a docket entry showing that a plea agreement was entered into and showing that judgment and commitment was issued on that because of that plea agreement, then it's hard to come to any other conclusion than that the defendant pled guilty and that the court entered judgment. And I would submit that it would stand the sufficiency of the evidence standard on its head if we were to assume that when the only evidence points to a 1325 plea and conviction, a rational juror could not find that the judgment and plea relate to that 1325. When you look at the council, the Arriaga-Segura case, a Ninth Circuit case, that was a case where the government presented more evidence than here regarding the conviction. There was witness testimony from a defendant who pleaded guilty. Here, we don't have any of that. What is your home run case? What case would you point to whose facts make a winner for you? So I'll discuss one case that goes to your question and then I'll circle back to the 1325 case, but I think it stands for the proposition that the court, when it's conducting sufficiency of the evidence review, is not in the business of entertaining what the court called speculative possibilities or imaginative musings. So once the government has put in evidence that permits a straightforward inference of an element of the crime, then it is on the defendant to put something non-speculative showing that that element is not satisfying. And then as to the Arriaga-Segura case, I think the Arriaga-Segura case reasonable minds can differ as to whether the evidence in that case was better or worse. If the jury had not credited that agent's testimony, then the government's case would collapse. Here, you have a certified docket sheet that no one disputes is in fact the docket sheet related to Reyes's case. Arriaga-Segura's testimony was that he pled guilty to what he was charged with. I think that's right. Pled guilty to what he was charged with. So it's something versus nothing. Well, I think the point is simply that if the jury finds that that agent's testimony is not credible, then it doesn't have to believe him. It had something to look at. It had evidence that he pled to what he was charged with. Here, it had no evidence that he pled to what he was charged with. But the inference the jury had to draw was an exceedingly easy inference to draw. All they had to do was look at the docket sheet and say, there's a charge for 1325, there's a plea, there's a judgment. The plea and judgment must relate to the charge. But that's inaccurate. We know that's not approved. That's probably wrong 50% of the time in federal court. That person is pleading only to what was charged. Well, again, Your Honor, if we were going to peek behind the veil here, then I think we would that exactly what happened happened. The conviction was for the 1325, which is about the best deal he could have gotten. But again, to do that through the lens of the jury, the jury would have to speculate about charges that it just has absolutely no evidence of. Maybe in a different procedural posture or in a different standard, that's where the analysis would work. But in a sufficiency of evidence analysis, we ask only whether a rational juror could look at that evidence and find that the plea and judgment is related to the only charge. Take a murder case. You have Joey Galea, and he had a gun at the time. Well, that's it. He committed the murder. Now, you could hear some inference that he might have committed the murder, but that doesn't make it sufficient evidence for beyond a reasonable doubt for a rational juror. In other words, it's not the case that if there's any inference that that's sufficient. You have inference, and then you would build it with something. But if you don't build it with anything, your argument is that it's automatically enough, as long as there's that inference. How weak or how strong? Is that your conceptual argument? So, Your Honor, I think I missed some of the question, but please feel free to stop me. Is your argument that as long as there is an inference, one can draw from the evidence, even if a weak one, that that's sufficient evidence for a beyond reasonable doubt criminal conviction? No, Your Honor. Nothing more? No. So, our argument is simply that this inference is not a particularly weak inference. I would suggest that it's the most reasonable inference, and it's an exceedingly easy inference for the jury to draw when the only evidence placed before it is the 1325 charge. When it's clear that he pled guilty and that the court entered judgment, the jury can easily make that inference that the judgment relates to the charge. The jury would essentially have to assume that both parties are acting extraordinarily irrationally here. They were, actually. Am I not introducing the judgment? Well, and as I noted, putting out two of our briefs, I think that's right. I think both parties were mistaken here in not allowing the judgment in, but the jury would essentially have to say that the government put in evidence of a charge that had nothing to do with their state. The defendant did not put in evidence showing the actual charge, which would have exonerated the defendant. Both parties were acting extraordinarily irrationally, and every reasonable juror would assume that both parties were essentially just... What happened here was the government made a mistake. They actually did make a mistake, and then tried to doctor up the defendant. So, in any event, your time is up. Is there anything you want to say? I'm more than up. If you want to say something quickly about either of the other two issues going. Certainly. So, I'll just be very brief on the misconduct issue. I think this court's Reyes decision, the Williams v. Borg decision, and the cases we cited, page 18, from other courts, in particular the Rivera decision from the Second Circuit, all stand for the proposition that a prosecutor may comment on the strength of the evidence or the weakness of a defense so long as they do not insert personal views or assurances that would turn that into vouching. That didn't occur here. Certainly, any error could not be plain because there is no binding authority supporting Reyes's position. It's notable that the two cases that Reyes has cited to you today, Lugo and Soto, are both unpublished decisions that by definition can't form the basis of a plain error finding. And then I'll just briefly note on the supervised release issue, the court repeatedly emphasized Reyes's criminal and non-criminal immigration history. It talked about the need for deterrence, and at pages 216 through 218, it even said, I see no basis for varying downward from the low end of the sentencing guidelines, the 15-month low-end custodial term, and yet it still did vary down to 12 months, which probably explains why it felt the need to impose supervised release for added deterrence. That explanation was more than sufficient under Rita, under Carty, under Daniels, and under the cases we cited, pages 28 and 29. But what was so unusual about Reyes's case that would have warranted the imposition of supervised release, where the guidelines specifically state that in ordinary courts, supervised release should not be imposed in a case such as this one? I think there are a number of things, and the court talks about them throughout the sentencing hearing. So he notes that Reyes has three prior deportations, and in his case, he was deported to Honduras, so it was actually more difficult for him to return to the United States and continue to do so. He has two prior immigration convictions. He received six and eight-month sentences. Those were not sufficient to deter him. And then there was also the fact that the court said it saw no basis to vary downward from the custodial term, yet it still did give him that break and varied down three months from the low end. I think all of those things suggest that the court saw a need to impose supervised release for added deterrence and to compensate for the fact that it was lower in the custodial term. Okay, thank you very much for your argument. Williams, you will have a minute. I will just make two points on rebuttal. Regarding the sufficiency of the evidence issue, all the government expertise was adopted, and this was found in similar circumstances, which were sentencing advancements that a charging document is insufficient. For example, in the case of Morris at home, the court stated charging papers were never sufficient to establish a conviction. The same with Corona Sanchez, as well as Marie and Lorena. So in those circumstances where the burden is less, that's insufficient. I think in this case, it's clear that that evidence was insufficient, and it was too large of a leap to it. It wasn't just a charging document. It was a charging document and a conviction. The question is whether they match, whether it was a conviction. Exactly. And in Ariaga-Segura, there was a border patrol agent that was able to make the link between a charge and a conviction, as the court noted. And this case is very much distinguishable. My second issue is that on the plain error issue, it is very well established that prosecutors cannot vouch for the evidence. In Nepoi, the state, the court stated the rule that It does seem incredibly hard to draw a line between this is strong evidence and this is overwhelming evidence. Can you not say that it's strong? You can't put any adjective on the evidence because that becomes a problem. It's really hard to understand what rule you're at. I think the rule, the most clear way that I can state it is that prosecutors can comment if there is a reason. So I think Ruiz explains it best. So in Ruiz, the prosecutor stated twice that the evidence was overwhelming in explaining why investigators didn't take additional steps. So that was an explanation of the evidence. The court said that's fine. But where the prosecutor went wrong is when the prosecutors stated that the jury should convict on the basis of what the United States considers overwhelming evidence. That is a conclusory statement about the evidence that insinuates that the prosecutor himself is relying on his expertise and experience. Here, the statements are compounded by the nature of the evidence, the timing at the end of the case, the timing of one of the most problematic statements, which was in response to my argument that the evidence was insufficient as to the 1325 misdemeanor. That evidence was not overwhelming. So for a prosecutor to state that it was where it was clearly quite weak is even more problematic than what the prosecutor stated in Ruiz.
judges: Berzon, Katzmann, Collins